UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARCOS J. BRITTON,
ARLYN E. LOPEZ
and other similarly situated individuals,

       Plaintiffs,

v.

17TH AVE FOODS & GROCERY LLC,
d/b/a FRIENDS MEAT MARKET,
JOSHUA AKREAM, and
MOHAMED WASHAM, individually

       Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants 17TH AVE FOODS & GROCERY, LLC, d/b/a FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM, individually, and allege:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ are residents of Miami-Dade County within the jurisdiction of this Court. Plaintiffs were employees of Defendants within the meaning of the FLSA.

3. Corporate Defendant 17TH AVE FOODS & GROCERY, LLC, d/b/a FRIENDS MEAT MARKET (hereinafter FRIENDS MEAT MARKET, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendants JOSHUA AKREAM, and MOHAMED WASHAM, are the owners/partners/ and managers FRIENDS MEAT MARKET. These individual Defendants are the employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ to recover from Defendants unpaid regular wages and overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Defendant FRIENDS MEAT MARKET is a supermarket and cafeteria. Defendant has a place of business located at 6101 NW 17th Avenue, Miami, Florida 33142, where both Plaintiffs worked.

8. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff MARCOS J. BRITTON as a non-exempted full-time hourly employee from approximately February 12, 2022, to April 28, 2022, or 11 weeks. Plaintiff had duties as a supermarket employee, he had multiple duties as a supermarket attendant, kitchen helper, and maintenance employee. Plaintiff was paid a salary of $750.00 weekly

9. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff ARLYN E. LOPEZ as a non-exempted full-time hourly employee from approximately January 24, 2022, to April 28, 2022, or 13 weeks. Plaintiff has duties as a cook, supermarket attendant, and cleaning employee. Plaintiff was paid a salary of $720.00 weekly.

10. While employed by Defendants, Plaintiffs worked more than 40 hours every week, but they were not paid for their wages as required by law.

11. Plaintiffs had a regular and mandatory schedule, and they worked six days per week. Plaintiffs worked from 7:00 AM to 10:00 PM (15 hours daily) from Monday to Saturday, or a total of 90 hours weekly. Plaintiffs were unable to take bonafide lunchtime.

12. Plaintiff MARCOS J. BRITTON was paid $750.00 weekly, and Plaintiff ARLYN E. LOPEZ was paid $720.00 weekly.

13. The fixed amount paid weekly to Plaintiffs divided by 90 working hours per week, resulted in a wage rate lower than the minimum wage rate required by law.

14. Furthermore, Plaintiffs worked routinely and consistently 90 hours weekly. However, Defendants did not pay Plaintiffs for overtime hours, as required by the FLSA.

15. Plaintiffs did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiffs. Defendants were in complete control of the Plaintiffs' schedule, and time records and they knew the real number of hours that Plaintiffs and other similarly situated individuals were working.

16. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. §206 (a) of the Fair Labor Standards Act. Defendants also failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiffs were paid weekly strictly in cash, without paystubs or any record providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

18. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ are husband and wife. Plaintiffs complained verbally many times to their supervisors JOSHUA AKREAM, and MOHAMED WASHAM. Plaintiffs complained about the lack of payment for overtime hours.

19. On or about April 16, Plaintiffs complained about overtime to JOSHUA AKREAM, for the last time.

20. On or about April 28, 2022, a co-worker maliciously caused an altercation with Plaintiff MARCOS J. BRITTON and attacked him with a broom. As a result, Defendants JOSHUA AKREAM and MOHAMED WASHAM unfairly fired Plaintiff MARCOS J. BRITTON and his wife ARLYN E. LOPEZ.

21. At the time of their termination, Plaintiffs MARCOS J. BRITTON, and ARLYN E. LOPEZ were not paid for their last two weeks of work.

22. Plaintiffs are not in possession of time and payment records, but they will provide a good faith estimate of unpaid wages based on their recollections. Plaintiffs will amend their Complaint accordingly when Defendants produce time and payment records.

23. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ intend to recover regular unpaid wages, overtime wages for every hour in excess of 40 in a week, liquidated damages, retaliatory damages, and any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

25. Plaintiffs J MARCOS J. BRITTON and ARLYN E. LOPEZ re-adopt every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This cause of action is brought by Plaintiffs as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January

2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a supermarket and cafeteria. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000.00 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiffs handled and worked on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

29. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff MARCOS J. BRITTON as a non-exempted full-time hourly employee from approximately February 12, 2022, to April 28, 2022, or 11 weeks. Plaintiff had duties as a supermarket employee, he had multiple duties as a supermarket attendant, kitchen helper, and maintenance employee. Plaintiff was paid a salary of $750.00 weekly

30. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff ARLYN E. LOPEZ as a non-exempted full-time hourly

employee from approximately January 24, 2022, to April 28, 2022, or 13 weeks. Plaintiff has duties as a cook, supermarket attendant, and cleaning employee. Plaintiff was paid a salary of $720.00 weekly.

31. While employed by Defendants, Plaintiffs worked more than 40 hours every week, but they were not paid for their wages as required by law.

32. Plaintiffs had a regular and mandatory schedule, and they worked six days per week. a total of 90 hours. Plaintiffs were unable to take bonafide lunchtime.

33. Plaintiffs worked routinely and consistently 90 hours weekly. However, Defendants did not pay Plaintiffs for overtime hours, as required by the FLSA.

34. Plaintiffs did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiffs.

35. Therefore, Defendants willfully failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. Plaintiffs were paid weekly strictly in cash, without paystubs or any record providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

37. The records, if any, concerning the number of hours actually worked by Plaintiffs and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and

belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' good faith estimate of unpaid overtime wages is as follows:

<u>1.- Overtime Claim or Plaintiff MARCOS J. BRITTON</u>

* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust his calculations as needed.

a. <u>Total amount of alleged unpaid O/T wages:</u>

   Three Thousand Six Hundred Sixty-Eight Dollars and 50/100 ($3,668.50)

b. <u>Calculation of such wages:</u>
   Total weeks of employment:  11 weeks
   Total relevant weeks of employment: 11 weeks
   Total number of hours worked: 90 hours
   Total number of unpaid overtime hours: 50
   Salary: $750.00:90 hours= $8.33
   FL Min. wage: $10.00 x 1.5= $15.00 O/T rate-$8.33 rate paid=$6.67
   Half-time Overtime rate: $6.67

   Half-time O/T rate $6.67 x 50 O/T hours=$333.50 weekly x 11 weeks=$3,668.50

c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.

<u>2.- Overtime Claim or Plaintiff ARLYN E. LOPEZ</u>

\* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

        Four Thousand Five Hundred Fifty Dollars and 00/100 ($4,550.00)

    b.  <u>Calculation of such wages</u>:
        Total weeks of employment:  13 weeks
        Total relevant weeks of employment: 13 weeks
        Total number of hours worked: 90 hours
        Total number of unpaid overtime hours: 50
        Salary: $720.00:90 hours= $8.00
        FL Min. wage: $10.00 x 1.5= $15.00 O/T rate-$8.00 rate paid=$7.00
        Half-time Overtime rate: $7.00

        Half-time O/T rate $7.00 x 50 O/T hours=$350.00 weekly x 13 weeks=$4,550.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents unpaid half-time overtime wage

41. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

42. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

43. At times mentioned, individual Defendants JOSHUA AKREAM, and MOHAMED WASHAM were the owners/partners and managers of FRIENDS MEAT MARKET. The individual Defendants were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation, in relation to its employees, including Plaintiff and others similarly situated. Defendants JOSHUA AKREAM, and MOHAMED WASHAM had financial and operational control of the business, they determined the terms and working conditions of Plaintiffs and other similarly situated employees, and they are jointly and severally liable for Plaintiffs' damages.

44. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

45. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ and other similarly situated individuals and against the Defendants FRIENDS MEAT

MARKET, JOSHUA AKREAM, and MOHAMED WASHAM, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ demand a trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

46. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

47. This action is brought by Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ and those similarly situated to recover from the Employer FRIENDS MEAT MARKET unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

48. Defendant was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a supermarket and cafeteria.

Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000.00 per annum. Therefore, there is FLSA enterprise coverage.

49. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiffs handled and worked on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

50. 29 U.S.C. §206 states (a) "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

51. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff MARCOS J. BRITTON as a non-exempted full-time hourly employee from approximately February 12, 2022, to April 28, 2022, or 11 weeks. Plaintiff had duties as a supermarket employee, he had multiple duties as a

supermarket attendant, kitchen helper, and maintenance employee. Plaintiff was paid a salary of $750.00 weekly

52. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff ARLYN E. LOPEZ as a non-exempted full-time hourly employee from approximately January 24, 2022, to April 28, 2022, or 13 weeks. Plaintiff has duties as a cook, supermarket attendant, and cleaning employee. Plaintiff was paid a salary of $720.00 weekly.

53. While employed by Defendants, Plaintiffs worked more than 40 hours every week, but they were not paid for their wages as required by law.

54. Plaintiffs had a regular and mandatory schedule, and they worked six days per week. Plaintiffs a total of 90 hours weekly. Plaintiffs were unable to take bonafide lunchtime.

55. The fixed amount paid weekly to Plaintiffs divided by 90 working hours per week, resulted in a wage rate lower than the minimum wage rate required by law.

56. Plaintiffs did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiffs.

57. Furthermore, Plaintiffs were fired on or about April 28, 2022. At the time of their termination, Defendants refused to pay Plaintiff their last 2 weeks of work.

58. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate as required by law.

59. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other regularly situated individuals. Defendants were in

complete control of the Plaintiffs' schedule, time records, and they knew the real number of hours that Plaintiff and other similarly situated individuals were working.

60. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

61. Plaintiffs were paid weekly strictly in cash, without paystubs or any record providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

62. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.

63. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

65. At the time of the filing of this Complaint, the Plaintiffs' good faith estimate of unpaid wages is as follows:

<u>1.- Minimum Wage Claim of Plaintiff MARCOS J. BRITTON</u>

*Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

One Thousand Five Hundred Thirty-Four Dollars and 80/100 ($1,534.80)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  11 weeks
Total relevant weeks of employment: 11 weeks
Total hours worked: 40 hours weekly
Regular rate: $8.33
Florida minimum wage 2022:  $10.00

1.- Unpaid Minimum wages for 40 hours paid at $8.33 x 40 hours x 11 weeks

2022 Fl. Min.wage $10.00-$8.33=$1.67 x 40 hours=$66.80 weekly  x 11 weeks
=734.80

2.- Unpaid Minimum wages for 2 weeks of regular wages
2022 Fl. Min.wage $10.00 x 40 hrs.=$400.00 weekly x 2 weeks=$800.00

Total #1 and #2: $1,534.80

c.   <u>Nature of wages:</u>

This amount represents unpaid Min. wages at the Florida minimum wage rate


<u>2.- Minimum Wage Claim of Plaintiff ARLYN E. LOPEZ</u>

*Florida minimum wage is higher than the federal minimum wage. As per FLSA
regulations, the higher minimum wage applies.

a.   <u>Total amount of alleged unpaid wages:</u>

One   Thousand   Eight   Hundred   Forty   Dollars   and   00/100   ($1,840.00)

b.   <u>Calculation of such wages:</u>

Total weeks of employment:  13 weeks
Total relevant weeks of employment: 13 weeks
Total hours worked: 40 hours weekly
Regular rate: $8.00
Florida minimum wage 2022:  $10.00

1.- Unpaid Minimum wages for 40 paid at $8.00 x 40 hours x 13 weeks

2022 Fl. Min.wage $10.00-$8.00=$2.00 x 40 hours=$80.00 weekly  x 13 weeks
=$1,040.00

2.- Unpaid Minimum wages for 2 weeks of regular wages
2022 Fl. Min.wage $10.00 x 40 hrs.=$400.00 weekly x 2 weeks=$800.00

Total #1 and #2: $1,840.00

c.  <u>Nature of wages:</u>

This amount represents unpaid Min. wages at the Florida minimum wage rate.

66. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM unlawfully failed to pay Plaintiffs minimum wages.

67. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly-situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

68. At times mentioned, individual Defendants JOSHUA AKREAM, and MOHAMED WASHAM were the owners/partners and managers of FRIENDS MEAT MARKET. The individual Defendants were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation, in relation to its employees, including Plaintiff and others similarly situated. Defendants JOSHUA AKREAM, and MOHAMED WASHAM had financial and operational control of the business, they determined the terms and working conditions of Plaintiffs and other similarly situated employees, and they are jointly and severally liable for Plaintiffs' damages.

69. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM willfully and intentionally refused to pay Plaintiffs minimum wages as

required by the law of the United States and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action, and they are obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ and against the Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs' actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ and those similarly situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>**

70. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ re-adopt every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

71. Defendant was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a supermarket and cafeteria. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000.00 per annum. Therefore, there is FLSA enterprise coverage.

72. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiffs handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

73. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

74. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

75. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

76. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

77. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff MARCOS J. BRITTON as a non-exempted full-time hourly employee from approximately February 12, 2022, to April 28, 2022, or 11 weeks. Plaintiff had multiple duties as a supermarket attendant, kitchen helper, and maintenance employee. Plaintiff was paid a salary of $750.00 weekly

78. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM employed Plaintiff ARLYN E. LOPEZ as a non-exempted full-time hourly employee from approximately January 24, 2022, to April 28, 2022, or 13 weeks. Plaintiff has duties as a cook, supermarket attendant, and cleaning employee. Plaintiff was paid a salary of $720.00 weekly.

79. While employed by Defendants, Plaintiffs worked more than 40 hours every week, but they were not paid for their wages as required by law.

80. Plaintiffs had a regular and mandatory schedule, and they worked six days per week. a total of 90 hours weekly. Plaintiffs were unable to take bonafide lunchtime.

81. Plaintiff MARCOS J. BRITTON was paid $750.00 weekly, and Plaintiff ARLYN E. LOPEZ was paid $720.00 weekly.

82. The fixed amount paid weekly to Plaintiffs divided by 90 working hours per week, resulted in a wage rate lower than the minimum wage rate required by law.

83. Furthermore, Plaintiffs worked routinely and consistently 90 hours weekly. However, Defendants did not pay Plaintiffs for overtime hours, as required by the FLSA.

84. Plaintiffs did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiffs. Defendants were in complete control of the Plaintiffs' schedule, and time records and they knew the real number of hours that Plaintiff and other similarly situated individuals were working.

85. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. §206 (a) of the Fair Labor Standards Act. Defendants also failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

86. Plaintiffs were paid weekly strictly in cash, without paystubs or any record providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

87. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ are husband and wife. Plaintiffs complained verbally many times to their supervisors JOSHUA AKREAM, and MOHAMED WASHAM. Plaintiffs complained about the lack of payment for overtime hours.

88. Plaintiffs' complaints constituted protected activity under the Fair Labor Standards Act.

89. On or about April 16, 2022, Plaintiffs complained about the lack of overtime to JOSHUA AKREAM, for the last time.

90. This complaint constituted protected activity under the Fair Labor Standards Act.

91. However, as a direct result of Plaintiffs' complaints, on or about April 28, 2022, a co-worker maliciously caused an altercation with Plaintiff MARCOS J. BRITTON and attacked him with a broom. As a result, Defendants JOSHUA AKREAM and MOHAMED WASHAM unfairly fired Plaintiff MARCOS J. BRITTON and his wife ARLYN E. LOPEZ.

92. After Defendants fired Plaintiffs, they refused to pay Plaintiffs MARCOS J. BRITTON, and ARLYN E. LOPEZ their last two weeks of work.

93. At all times during their employment with Defendants, Plaintiffs performed their duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiffs' employment.

94. There is closed proximity between Plaintiffs' last protected activity and their termination.

95. Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM willfully and intentionally refused to pay Plaintiffs regular and overtime wages as required by the laws of the United States as set forth above, and then retaliated against Plaintiffs by firing them.

96. At times mentioned, individual Defendants JOSHUA AKREAM, and MOHAMED WASHAM were the owners/partners and managers of FRIENDS MEAT MARKET. The individual Defendants were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation, in relation to its employees, including Plaintiffs and others similarly

situated. Defendants JOSHUA AKREAM, and MOHAMED WASHAM had financial and operational control of the business, they determined the terms and working conditions of Plaintiffs and other similarly situated employees, and they are jointly and severally liable for Plaintiffs' damages.

97. The motivating factor which caused the Plaintiffs' discharge, as described above, was their complaints seeking overtime wages from the Defendants. In other words, the Plaintiffs would not have been discharged but for their complaints about overtime wages.

98. The Defendants' termination of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiffs have been damaged.

99. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants FRIENDS MEAT MARKET, JOSHUA AKREAM, and MOHAMED WASHAM, that Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ further pray for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiffs MARCOS J. BRITTON and ARLYN E. LOPEZ demand a trial by jury of all issues triable as of right by jury.

Dated:  May 16, 2022.

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*